**ROLAN G. TAYLOR FUNERAL HOME, INC., f/k/a Edgington–Taylor Funeral Home, Inc., Appellant,**

v.

**COMMONWEALTH of Kentucky CABINET FOR FAMILIES AND CHILDREN as Legal Guardian and Conservator for Marie Osborne and Barbara Osborne; and Houston Osborne Estate, Appellees.**

No. 2006–CA–001638–MR.

Court of Appeals of Kentucky.

July 27, 2007.

Rehearing Denied Sept. 20, 2007.

---

9. *Pendleton Bros.,* 758 S.W.2d 24.

10. 758 S.W.2d 24.

11. *Id.*

12. *See Laboratory Corp. of America Holdings v. Rudolph,* 184 S.W.3d 68 (Ky.App.2005).

Roy Fugitt, Winchester, KY, for Appellant.

Peter E. Brown, Lexington, KY, for Appellees.

Before COMBS, Chief Judge; NICKELL and WINE, Judges.

### OPINION

COMBS, Chief Judge.

Rolan G. Taylor Funeral Home, Inc., appeals from an order of distribution of the Clark Circuit Court. Following our review, we have determined that the circuit court erroneously based its decision on an invalid Judgment Lien in awarding assets to non-parties. Therefore, we vacate and remand.

Some historical background is essential to a proper analysis of this case. In 1990, Houston Osborne died in a car accident. Some time later, Emma Rose befriended Mr. Osborne's mentally handicapped daughters, Barbara and Marie, eventually becoming their guardian. In 1999, Ms. Rose was convicted of theft by unlawful taking after wrongfully selling her wards' assets for her personal gain. Ms. Rose died intestate in 2001, and her estate has not been probated.

As a result of Ms. Rose's criminal conviction, she was ordered to pay restitution in the amount of $19,400. In order to secure payment of the restitution, the court placed a Judgment Lien on her real property, located at 149 French Avenue in Winchester. The lien-holder was the Commonwealth of Kentucky. The terms of the lien provided as follows: "$2,919.49 in favor of Guardianship Services, Department of Social Services, Cabinet for Families and Children, Guardian of Barbara Osborne and Conservator of Marie Osborne. $16,480.51 in favor of the Estate of Houston Osborne." Ms. Rose failed to pay the restitution before her death in 2001. In order to avoid confusion, it is important to note that the "Commonwealth" is referenced in two separate capacities: (1) the Commonwealth of Kentucky as the lien-holder following its prosecution of the criminal case and (2) the Cabinet as an agency of the Commonwealth acting as guardian/beneficiary of the lien-proceeds on behalf of the daughters of Houston Osborne. We shall reference the "Com-

monwealth" for purposes of its role as lienholder of the 1999 lien and the "Cabinet" as guardian/beneficiary of that 1999 lien.

In 2002, Taylor (then doing business as Edgington, Mullins & Taylor Funeral Home, Inc.) filed suit against Ms. Rose's son, Ottis Rose, to recover his mother's funeral expenses. The court awarded Taylor a Judgment Lien against all real estate in which Mr. Rose had any interest.

In July 2004, the Clark Circuit Court awarded punitive damages of $38,800 against Ms. Rose's estate to the Cabinet for Health and Family Services as Guardian for the Osborne sisters. In order to secure that award, the Cabinet placed a second lien on the French Avenue property.

In conjunction with the heirs of Ms. Rose, Taylor initiated the lawsuit which is the subject of this appeal at the end of 2004 in order to enforce its judgment from the 2002 lawsuit for funeral expenses. Taylor requested that the real property be sold by court order and that the proceeds be used to pay the 2002 judgment. In its Answer, the defendant, the Commonwealth of Kentucky, released its 1999 Judgment Lien on the property. The Cabinet also admitted that it no longer had a valid claim to the property based on its second lien of 2004. It acknowledged that *Stewart v. Estate of Cooper,* 102 S.W.3d 913 (Ky. 2003), held that courts may not award punitive damages against a deceased defendant. However, in its cross-claim, the Cabinet asserted it was still entitled to the proceeds of a court ordered sale in order to satisfy the 1999 Judgment Lien arising from the criminal proceedings (the lien abandoned by the Commonwealth in its capacity as original lien-holder).

The French Avenue property was sold in March 2005. In its Order of Distribution, the court awarded the bulk of the proceeds to the Cabinet and to the Estate of Houston Osborne, reserving money only for administrative costs, taxes, and attorneys' fees.

The Order of Distribution recited as follows: "The Judgment Lien filed on August 26, 1999 . . . is a valid and enforceable lien . . ." Trial Record 114. However, our examination of the record and of pertinent Kentucky statutes reveals that the lien is invalid and unenforceable.

First, the Commonwealth of Kentucky's Judgment Lien resulted from a criminal action in an attempt to secure restitution. In its Answer, the Commonwealth admitted having a lien and "further states that it does not care to present a claim against the subject property or otherwise enforce its lien in this action." Trial Record 44. Consequently, the lien is wholly unenforceable pursuant to Kentucky Revised Statutes (KRS) 532.164(4), which provides as follows: "The attorney for the Commonwealth, and *not the crime victim* [the Guardian here] shall prepare and file lien documents for moneys to be restored to the crime victim." (Emphasis added.) In this case, the Cabinet stood in the shoes of the crime victim. As such, the Cabinet's counsel was not an attorney for the Commonwealth for purposes of the statute. Thus, the Cabinet did not have standing to file the lien initially or to enforce it after it had been abandoned by the Commonwealth.

Kentucky Rule of Criminal Procedure (RCr) 13.04 provides: "The Rules of Civil Procedure shall be applicable in criminal proceedings to the extent not superseded by or inconsistent with these Rules of Criminal Procedure." There is no criminal rule that is in conflict with CR 17.01, which provides: "Every action shall be prosecuted in the name of the real party in interest. . . . Nothing herein, however, shall ab-

rogate or take away an individual's right to sue."

In this case, the Clark County Commonwealth's attorney was the real party at interest in the criminal proceeding, the party who bore the burden of preparing the judgment lien on behalf of the crime victims [*i.e.,* the daughters of Houston Osborne through their Guardian the Cabinet]. The Cabinet as Guardian had filed its own judgment lien in 2004. As aptly noted by the appellant, there was no need for the Guardian to file the 2004 lien if it believed that it was entitled to rely on the Commonwealth's 1999 lien to satisfy its claim. In the meantime, Taylor had filed its 2002 judgment lien—arguably temporally inferior to the 1999 lien but superior to the 2004 lien of the Guardian.

When the Commonwealth of Kentucky released its 1999 judgment, the next valid lien of record assumed priority. That superior lien was the 2002 judgment lien filed by Taylor to recover funeral expenses.

We agree that under the circumstances of this case, the funeral home had priority as to the distribution of the proceeds of the sale to satisfy its claim. We shall refrain from commenting on propriety of the distribution of any other assets to the Houston Osborne Estate as it was not a party to the proceeding in the circuit court.

Accordingly, we reverse and remand for entry of an order consistent with this opinion.

ALL CONCUR.